IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

IN RE:        LIVING HOPE SOUTHWEST
              MEDICAL SERVICES, LLC, Debtor

PINEWOOD ENTERPRISES, L.C.                                         APPELLANT

v.                          Case No. 4:13-CV-04028

RENEE S. WILLIAMS                                                  APPELLEE

### MEMORANDUM OPINION AND ORDER

Currently before the Court are the following motions and related pleadings which are ripe

for consideration:

- Appellee Renee S. Williams's motion to dismiss appeal (Doc. 7) and supporting brief
  (Doc. 8), Appellant Pinewood Enterprises, L.C.'s ("Pinewood") response (Doc. 25)
  and brief in support (Doc. 26), and Williams's reply (Doc. 32);[1]

- Williams's motion to strike, in part, Pinewood's designation of record on appeal
  (Doc. 15) and brief in support (Doc. 16), and Pinewood's response (Doc. 30) and
  brief in support (Doc. 31);

- Pinewood's motion to substitute party (Doc. 17) and brief in support (Doc. 18),
  Williams's response (Doc. 21), Pinewood's reply (Doc. 27), and Williams's sur-reply
  (Doc. 28) and brief in support (Doc. 29); and

- Williams's amended motion to dismiss notice of appeal (Doc. 35) and brief in

---

[1] Although numerous replies and sur-replies were filed without leave of Court, they have
nevertheless been considered, in the Court's discretion.  Counsel are cautioned to comply with Local
Rule 7.2(b) (contemplating the filing of a reply as a matter of course only for summary judgment
motions) in the future when litigating in this Court.

support (Doc. 36), Pinewood's response (Doc. 37) and brief in support (Doc. 38), and Williams's reply (Doc. 39).

The Court first finds that Williams's first motion to dismiss (Doc. 7) should be DENIED AS MOOT in light of the fact that Williams subsequently filed an amended motion to dismiss.

For the reasons stated herein, Williams's motion to strike (Doc. 15) is DENIED; Pinewood's motion to substitute (Doc. 17) is GRANTED; and Williams's amended motion to dismiss (Doc. 35) is DENIED. The Court will address each motion in turn.

I.     **Background**

The instant matter has a long and complex litigation history involving state court, bankruptcy court, and various appeals from bankruptcy court to federal district court. The Court will attempt to state the facts and procedural history of this case relevant to the motions at hand.

Appellant Pinewood is an unsecured creditor of debtor Living Hope Southwest Medical Services, LLC ("LHSW" or "the Debtor"). In 1998 Pinewood, as landlord, and LHSW entered into a lease of certain real property located in Texarkana, Arkansas. LHSW breached the lease agreement, and in the spring of 2006 Pinewood filed a complaint in the Circuit Court of Miller County, Arkansas to recover the property, for a judgment on past-due lease payments, and to pierce the corporate veil of LHSW. On July 18, 2006, the Miller County Circuit Court entered an Order for Immediate Possession. LHSW filed a petition for relief under Chapter 11 of the bankruptcy code on that same date. LHSW's Chapter 11 case was later converted to a case under Chapter 7 of the bankruptcy code on August 15, 2006, and Renee S. Williams ("Williams" or "the Trustee") was appointed as the Chapter 7 Trustee.

In February 2009, the Trustee filed several adversary proceedings ("AP's") against numerous

defendants related to the Debtor (LHSW), including Living Hope Southeast, LLC ("LHSE"), seeking to recover pre-petition and post-petition transfers by LHSW.  The Trustee entered into a Settlement Agreement with several of the AP defendants on May 27, 2009 ("the Settlement").  The bankruptcy court granted approval of the Settlement over Pinewood's objections.  The Settlement, however, was overturned on appeal.  The parties, again over the objections of Pinewood, attempted to amend the settlement agreement.  The amended settlement was again overturned on appeal.  The adversary proceeding was administratively closed on July 19, 2011, but reopened on November 30, 2012.  The same day the proceeding was reopened, the Trustee filed a motion to amend the complaint in the proceeding, which the bankruptcy court granted on December 3, 2012.  The Trustee then filed her third amended complaint, against LHSE only, on December 4, 2012, requesting the bankruptcy court to avoid certain post-petition transfers from LHSW to LHSE and to impose a constructive trust on the avoided transfers.  A pre-trial hearing was held on December 18, 2012, at which the matter was set for trial on January 15, 2013.  Pinewood alleges that it was not aware that these events had occurred in the adversary proceeding until the end of 2012.

On January 4, 2013, the Trustee filed a pretrial brief seeking a constructive trust on all current assets of LHSE and on its future net income stream.  In response, Pinewood filed a motion for relief from the automatic stay in LHSE's pending bankruptcy case[2] so that it could move to intervene in the adversary proceeding in the LHSW bankruptcy.  On January 9, 2013, Pinewood filed a motion to continue the adversary proceeding in order to have sufficient time to gain relief from the stay in the LHSE bankruptcy.  Pinewood obtained relief from the stay in the LHSE bankruptcy on January

---

[2] To complicate matters further, LHSE filed for bankruptcy in the Eastern District of Arkansas in 2012.

14, 2013 and filed its motion to intervene in the LHSW adversary proceeding on the same day.  The bankruptcy court denied both the motion for continuance and the motion to intervene on January 15, 2013, and then proceeded to trial on the Trustee's third amended complaint against LHSE.  Ultimately, the bankruptcy court denied the Trustee's request for a constructive trust but awarded the Trustee an unsecured claim against LHSE in the amount of $1,190,000.

Prior to seeking intervention in the adversary proceeding, Pinewood's interests in the litigation had been transferred, as part of a larger transaction, to Dr. James J. Naples, formerly the sole equity owner of Pinewood,.  Pinewood did not, however, seek to have Naples substituted as a party to the bankruptcy litigation prior to seeking intervention in the adversary proceeding.  Rather, intervention was sought in Pinewood's name.

Pinewood now appeals the bankruptcy court's orders denying its motions for intervention and continuance as well as the order granting an unsecured claim to LHSW against LHSE.

## II.    Motion to Strike

Williams moves to strike portions of the record designated by Pinewood.  The Court has addressed this issue in a previous appeal by Pinewood from the LHSW bankruptcy.  The Court denied a motion to strike by Williams in the previous appeal, and Williams cites to no authority that would convince the Court to deviate from that prior ruling.  The Court, therefore, re-asserts in large part its previous ruling on this issue.

Federal Rule of Bankruptcy Procedure 8006 allows a bankruptcy appellant (Pinewood) to file and serve on the appellee (the Trustee) "a designation of the items to be included in the record on appeal and a statement of the issues to be presented."  The appellee may then serve on the appellant "a designation of additional items to be included in the record on appeal . . . ."  *Id.*  "The record on

appeal *shall* include the items so designated by the parties . . . ." *Id.* (emphasis added).  The rule therefore does not provide a mechanism for excluding designated documents from the record on appeal. *See In re Berge*, 37 B.R. 705, 708 (Bankr. Wis. 1983) (reviewing the language of Rule 8006 and finding that the "only kind of modification permitted under R. 8006 would . . . be addition to, and not exclusion from, the record").  Furthermore, the record should contain the documentation necessary to afford the reviewing court a complete understanding of the case.  *See, e.g.*, *Landmark Fin. Corp. v. Cox*, 2 B.R. 739, 740 (S.D. Ga. 1980).  Nevertheless, the scope of Pinewood's appeal should be "limited to a review of the matters which were before the trial court at the time it entered the order from which the appeal is taken."  *Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chicago, Inc.*, 2003 U.S. Dist. LEXIS 23280 at *6 (N.D. Ill. 2003).  The record on appeal "should contain all documents and evidence bearing on the proceedings below and considered by the bankruptcy judge in reaching his decision."  *Id.* (citations omitted).

Under Federal Rule of Bankruptcy Procedure 8006, the Court finds that the Trustee's motion to strike should be denied as procedurally defective.  While the Court might like to de-clutter the record, it does not seem that the Court can or should entertain a motion to strike portions of an appropriately-filed designated record.  The Trustee does not argue that Pinewood was untimely in its filings or that the filings were otherwise procedurally inappropriate.  Furthermore, ruling on a motion to strike in a bankruptcy appeal at this juncture would require the Court to wade through the lengthy designated record in an attempt to discern what documents might be considered, before even having been briefed on the merits.

The Trustee's motion to strike is therefore DENIED.  The Court will keep in mind, however, that "the fact that a document is included in the relevant record does not mean that . . . the reviewing

district court judge is entitled to use it for any purpose." *Nantucket Investors II v. Cal. Fed. Bank*, 61 F.3d 197, 205 (3rd Cir. 1995). The Court also has every intent to limit its use, where appropriate, of any designated records filed by the parties. The Court also remains cognizant of the order by the bankruptcy judge, Judge Mixon, setting forth his opinion as to the appropriateness of certain documents included in the designated record on this appeal. If Williams believes that a document is inappropriately used as support in the briefs on the merits of this appeal, Williams should *succinctly* address that issue as a part of her responsive pleading.

### III.    Motion to Substitute

Pinewood moves to substitute James J. Naples as the appellant in place of Pinewood based on the fact that Pinewood's interests in the bankruptcy litigation were transferred to Naples on December 31, 2012. Williams opposes substitution and argues that Pinewood inappropriately sought intervention knowing that it no longer had any interest in the bankruptcy litigation. Williams argues that substitution at this time would not be appropriate and that the appeal should be dismissed for lack of standing.

The issue before the Court at this time is not whether Pinewood did or did not have standing to intervene—or to be more precise, to file a motion to intervene—in the adversary proceeding. That is an issue that would potentially be tied up in the merits of the appeal. Rather, the issue before the Court is simply whether Pinewood could appropriately file an appeal in this Court in its name rather than that of Naples and then seek substitution.

The parties argue as to whether Rule 17 or Rule 25 of the Federal Rules of Civil Procedure, or neither or both, would apply in this instance. Rule 17 allows for substitution of the real party in interest when an action is being prosecuted by a different party. Rule 25(c) applies in the event an

interest in a pending litigation is transferred and allows for an action to be "continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action . . . ."

Although the parties focus primarily on Rule 17 in their briefings, the Court finds that Rule 25 applies, given the procedural history of this case, and that substitution should be allowed at this time. At the time Pinewood moved to intervene in the adversary proceeding, the underlying bankruptcy action had been ongoing for years, and Pinewood was looking to intervene in the adversary proceeding as a party creditor in the underlying bankruptcy case. Therefore, the issue before the bankruptcy court would have been whether Pinewood could pursue intervention as the original party creditor in the underlying bankruptcy proceeding. Rule 25 clearly allows for Pinewood—the original party—to continue the action in its own name even where Pinewood had transferred its interests in the litigation to Naples. In fact, it is not clear that it would have been procedurally appropriate for Naples to seek to intervene in the adversary proceeding without a prior motion for substitution under Rule 25 or without first seeking to intervene in the general bankruptcy proceeding. *See* Fed. R. Bankr. P. 7024, advisory committee notes ("Intervention in a case and intervention in an adversary proceeding must be sought separately."). And, under Rule 25, no prior motion for substitution was required, as Pinewood could continue to litigate its interests in the underlying bankruptcy proceeding as the original party in interest.

Now, on appeal, Pinewood seeks to substitute Naples in its place. Because Pinewood has transferred its interest in the bankruptcy litigation to Naples, the Court finds that substitution is appropriate pursuant to Rule 25(c). As this Court is acting as an appellate court in this matter, the Court recognizes that Federal Rule of Appellate Procedure 43 also allows for substitution of parties

on appeal. Pinewood's motion to substitute will be granted, and Naples will be substituted as the appellant in this matter.

## IV.    Motion to Dismiss

Williams argues several bases for dismissal: (1) the basis for Pinewood's appeal is moot because the bankruptcy court granted the relief sought by Pinewood in its motion to intervene and removed Pinewood's stated basis for intervention; (2) Pinewood lacked standing to file a notice of appeal, because it did not have a stake in the outcome, as its interests had been previously transferred to Naples; and (3) neither Rule 17 nor Rule 25 provide a procedural avenue to cure Pinewood's lack of standing. The Court has already found that it was appropriate for Pinewood to seek intervention in the adversary proceeding as an original party/creditor in the bankruptcy case and that it is now appropriate for Pinewood to seek substitution of Naples. Williams's only remaining argument is that this appeal should be dismissed on the basis that it is moot. The Court does not agree.

Pinewood sought to intervene in the adversary proceeding in order to argue against the relief sought by LHSW, which was a constructive trust on the assets of LHSE. The Court is aware of no rule or case law, nor have the parties cited to any, that would have limited Pinewood's intervention in the adversary proceeding to only those arguments set forth in its motion to intervene. Federal Rule of Civil Procedure 24, as applied to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7024, does not do so. An intervening party seeks to intervene in order to protect its interests. As the litigation proceeds, it would be understandable and expected that an intervening party would be allowed to defend its interests in light of the ever-changing context of a litigation. Had Pinewood been allowed to intervene in the adversary proceeding, it might have objected to the granting of a liquidated claim to the Trustee.

The Court cannot find that this case should be dismissed at this juncture.  Instead the case should proceed to a review on the merits.

**V. Conclusion**

For all the reasons stated above IT IS ORDERED that Williams's motion to dismiss (Doc. 7) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Williams's motion to strike (Doc. 15) is DENIED.

IT IS FURTHER ORDERED that Pinewood's motion to substitute (Doc. 17) is GRANTED. The clerk is directed to substitute James J. Naples as the appellant in this matter in place of Pinewood Enterprises, L.C.

IT IS FURTHER ORDERED that Williams's second motion to dismiss (Doc. 35) is DENIED.

IT IS FURTHER ORDERED that any stay previously imposed in this matter (Doc. 20) is lifted.  An amended scheduling order will be entered so that this case can proceed to a review on the merits.  The parties are cautioned to abide by the local rules.  The Court will not consider any future replies or sur-replies not filed in accordance with the rules.  Furthermore, the parties should strive to be precise in their pleadings and focus on the issues in this particular appeal without getting bogged down in extraneous matters.

IT IS SO ORDERED this 12th day of December, 2013.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE